**Robert C. JONES, Petitioner–Appellant**

v.

**Warden NEWCOMER; United States of America, Respondents–Appellees.**

No. 10–31211
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

June 1, 2011.

Robert C. Jones, Jackson, LA, pro se.

Before GARWOOD, PRADO and HAYNES, Circuit Judges.

PER CURIAM: *

Robert C. Jones, Louisiana prisoner # 92145, filed the instant 28 U.S.C. § 2241 petition seeking release from his pre-trial custody in a state mental facility. He appeals from the magistrate judge's denial of his "Emergency Application for Writ of Habeas Corpus Ad Testificandum," which he filed several months after he filed his § 2241 petition.

This court must examine the basis of its jurisdiction on its own motion if necessary. *Mosley v. Cozby,* 813 F.2d 659, 660 (5th Cir.1987). There is no evidence in the record that Jones consented to proceed before the magistrate judge pursuant to 28 U.S.C. § 636(c)(1) or that the district court ever considered the magistrate judge's order denying Jones's emergency application

for habeas relief. Consequently, we DISMISS this appeal for lack of appellate jurisdiction. *See Gregg v. Linder,* 349 F.3d 860, 862 (5th Cir.2003).

**UNITED STATES of America, Plaintiff–Appellee**

v.

**Anthony Patrick CAUDILL, Defendant–Appellant.**

No. 10–50809
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

June 1, 2011.

Joseph H. Gay, Jr., Assistant U.S. Attorney. U.S. Attorney's Office, San Antonio, TX, for Plaintiff–Appellee.

Shannon Charles Hooks, Law Office of Shannon Hooks, Austin, TX, for Defendant–Appellant.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

Before WIENER, PRADO, and OWEN, Circuit Judges.

PER CURIAM: *

Defendant–Appellant Anthony Patrick Caudill appeals the 240–month prison sentence he received after his guilty plea conviction for knowingly transporting child pornography through interstate commerce. Caudill contends that the district court erred in applying U.S.S.G. § 2G2.2(c)(1)'s cross reference to § 2G2.1 to obtain his base offense level. He further asserts that the district court erred in enhancing his offense level pursuant to §§ 2G2.1(b)(5) and 2G2.1(b)(2)(A).

We review a district court's interpretation or application of the Guidelines de novo, and its factual findings for clear error. *United States v. Lopez–Urbina,* 434 F.3d 750, 762–63 (5th Cir.2005). The applicable cross reference at issue in this case is triggered if the "offense involved causing, transporting, permitting, or offering or seeking by notice or advertisement, a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct." *See* § 2G2.2(c)(1). The cross reference is to be construed broadly, *see* § 2G2.2, comment. (n.5), and the term "offense," as used in the cross reference includes both charged and uncharged conduct. *See* U.S.S.G. § 1B1.1, comment. (n.1(H)) (defining "offense" to include "the offense of conviction and all relevant conduct under § 1B1.3").

The district court properly considered the taking of nude photographs of an underage victim as relevant conduct pursuant to § 1B1.3(a)(2) because Caudill's action was part of the same course of conduct as the offense of conviction. *See United States v. Ekanem,* 555 F.3d 172, 175 (5th Cir.2009); *United States v. Canada,* 110 F.3d 260, 264; § 1B1.3(a)(2); § 1B1.3, comment. (n.9(A), (B)). Furthermore, while taking the illicit photographs, Caudill touched the victim's vagina, causing harm. *See* § 1B1.3(a)(3). Accordingly, the district court did not clearly err in applying the cross reference. *See Lopez–Urbina,* 434 F.3d at 763.

Likewise, because Caudill's actions were properly considered relevant conduct and the offense involved sexual contact, the district court did not err in applying a two-level sentencing enhancement pursuant to § 2G2.1(b)(2)(A). *See Lopez–Urbina,* 434 F.3d at 763. Moreover, Caudill admitted on several occasions that he actually babysat the victim. Therefore, his objection to the district court's application of a two-level sentencing enhancement pursuant to § 2G2.1(b)(5) because the minor was in his care or custody is without merit. *See* § 2G2.1(b)(5), comment. (n.3(A)). Accordingly, the judgment of the district court is AFFIRMED.

the limited circumstances set forth in 5TH CIR. R. 47.5.4.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5 CIR. R. 47.5.4.